UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20cr10231-IT |
| | ) | |
| 1. RONNEY FULLARD, | ) | |
| Defendant. | ) | |

~~PRELIMINARY~~ ORDER OF FORFEITURE

*as to Defendant*

**TALWANI, D.J.**

WHEREAS, on October 13, 2020, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment, charging defendant Ronney Fullard (the "Defendant") with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count One);

WHEREAS, the Indictment also included a Firearm Forfeiture Allegation, pursuant to 18 U.S.C. § 924(d)(1), and 28 U.S.C § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any firearm or ammunition involved in or used in any knowing commission of the offense, and the property to be forfeited included, but was not limited to, the following:

      a. One Taurus, Model: PT 709, 9mm pistol, Model 19, bearing serial number TDU27287, and six rounds of 9mm ammunition (the "Firearm and Ammunition;"

WHEREAS, on October 6, 2021, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant plead guilty to Count One of the Indictment, pursuant to a written plea agreement that he signed on that day;

WHEREAS, in Section 6 of the plea agreement, the Defendant admitted that the Firearm and Ammunition are subject to forfeiture on the grounds that they were involved in or used in the knowing commission of the Defendant's offense charged in Count One of the Indictment;

WHEREAS, the Defendant did not object, and therefore consented to the forfeiture of the Firearm and Ammunition;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Firearm and Ammunition and the offense to which the Defendant plead guilty, and accordingly, the Firearm and Ammunition are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Firearm and Ammunition.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Firearm and Ammunition and the offense to which the Defendant plead guilty.

1.      The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

2.      Accordingly, all of Defendant's interests in the Firearm and Ammunition are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 924(d)(1), and 28 U.S.C § 2461(c).

3.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the

United States is hereby authorized to seize the Firearm and Ammunition and maintain them in its secure custody and control.

4.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Firearm and Ammunition.

5.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Firearm and Ammunition to be forfeited.

6.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Firearm and Ammunition, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Firearm and Ammunition; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Firearm and Ammunition, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Firearm and Ammunition, any additional facts supporting the petitioner's claim, and the relief sought.

7.      Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(s), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for

3

the filing of such petitions, the United States of America shall have clear title to the Firearm and Ammunition.

8.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.


INDIRA TALWANI
United States District Judge

Dated: 3/14/2022

4